## IN THE MATTER OF THE LANGDON ROAD.

*Road appeal—Damages—Board of Control must concur in action of Board of County Commissioners.*

The Board of Control must concur in the action of the Board of County Commissioners, to entitle parties to an appeal from the judgment of the latter board approving the report of viewers awarding compensation and damages for the establishment of a county road.

*Decided April 3, 1889.*

In the Matter of the Langdon Road.

THE Board of County Commissioners, on the 11th day of April 1888, approved the report of the viewers appointed by it, to establish what is known as the "Langdon Road." The report also contained an award for compensation and damages to Perrin, Eunice M., and Catherine Langdon, and ordered the payment of the same out of the county treasury.

After the action of the Board of County Commissioners, and within the twenty days, as provided for by section 4689, Rev. Stat., the Langdons executed an appeal bond approved by the Auditor, relative to the establishment of the road, and also executed an appeal bond relative to the assessment of compensation and damages, as provided for by section 4699 Rev. Stat. After the filing of the bonds, the Auditor transmitted to this court the original papers in the proceedings, under section 4690 Rev. Stat.

The Board of Control subsequently refused to concur in the action of the Board of County Commissioners, as to the establishment of the road, and the payment of compensation and damages. Was it necessary for the Board of Control to concur in the action of the Board of County Commissioners, to entitle the parties to an appeal ?

*Howard Ferris*, for petitioners.
*Drausin Wulsin*, for Langdons'.

GOEBEL, J.

1st. The viewers having included in their report, an award of compensation and damages, without payment of which the road could not be established, under section 999 Rev. Stat., the Board of Control has jurisdiction.

2nd. The Board of Control having refused to concur in the action of the Board of County Commissioners, the giving of the bond and the filing of the original papers in the Probate Court by the County Auditor, were unauthorized.